# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF MISSISSIPPI
### GREENVILLE DIVISION


**PATRICIA LEE**                                                                   **PLAINTIFF**

**V.**                                                        **NO. 4:10-CV-16-MPM-DAS**

**WASHINGTON COUNTY, a Mississippi Corporate
Body Politic and its BOARD OF SUPERVISORS**              **DEFENDANTS**


### MEMORANDUM OPINION

This cause comes before the court on the motion **[35]** of Defendants Washington County

and its Board of Supervisors and the motion **[38]** of Plaintiff Patricia Lee, both seeking summary

judgment.

Patricia Lee was first elected as the Washington County Tax Collector in 2003, and was

re-elected in 2007. Legal counsel for the Washington County Board of Supervisors notified

investigators of allegations reported by a source related to wrongdoings of an employee in the

tax collector's office. The Mississippi Attorney General's office began an investigation and the

former tax collector's office employee implicated Lee. On or about December 15, 2007 a

Washington County grand jury indicted Lee for defrauding the State of Mississippi.

On December 19, 2007 the board passed a resolution requesting the governor of

Mississippi to suspend Lee pending a resolution of her criminal charges and proposing a suitable

substitute. Governor Haley Barbour subsequently suspended Lee as a defrauding tax collector

and appointed a substitute, though not the individual recommended by the board. The board

then issued an order accepting the governor's actions.

On March 4, 2009 a jury found Lee not guilty of her charges. Governor Barbour

subsequently issued an executive order reinstating Lee as Washington County Tax Collector

upon her taking the oath and posting a bond as required by law.

Lee requested that the board reimburse her for salary and benefits during her suspension, plus her attorneys fees paid defending her criminal charges. The board refused.

Lee initiated the current action alleging a violation of her right to due process and seeking her lost wages and attorneys fees for defending the criminal charges.[1] Both parties have moved for summary judgment.

Summary judgment is appropriate when the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S. Ct. 2548, 91 L. Ed.2d 265 (1986). An issue of material fact is genuine if a reasonable jury could return a verdict for the nonmovant. *Anderson v. Liberty Lobby*, 477 U.S. 242, 248, 106 S. Ct. 2505, 2510, 91 L. Ed.2d 202 (1986). In reviewing the evidence, this Court must draw all reasonable inferences in favor of the nonmoving party. *Reeves v. Sanderson Plumbing Prods. Inc.*, 530 U.S. 133, 150, 120 S. Ct. 2097, 2110, 147 L. Ed.2d 105 (2000). In so doing, the Court must disregard all evidence favorable to the moving party that a jury would not be required to believe. *Reeves*, 530 U.S. at 151, 120 S. Ct. at 2110.

Further, the case at bar is designated as a non-jury trial. As such, this court "may grant summary judgment if trial would not enhance its ability to draw inferences and conclusions." *Nunez v. Superior Oil Co.*, 572 F.2d 1119, 1124 (5th Cir. 1978). "Hearing and viewing the

---

[1] Lee's amended complaint conceded her claim for reimbursement of attorneys fees related to her criminal defense. The portion of Defendants' motion for summary judgment requesting dismissal of this claim is therefore moot.

witnesses subject to cross-examination would not aid the determination if there are neither issues of credibility nor controversies with respect to the substance of proposed testimony." *Id*. The court then, "as trier of fact, is in a position to and ought to draw [] inferences without resort to the expense of trial." *Id*.

"The board of supervisors shall direct the appropriation of money that may come into the county treasury, but shall not appropriate the same to an object not authorized by law." Miss. Code Ann. § 19-3-59 (1999). Mississippi statutory law provides for the salary of tax collectors "as full compensation for their services as county assessors or tax collectors . . . ." Miss. Code Ann. § 25-3-3(2) (2003); *see also id*. § 25-3-3(8). The latter statute clearly provides for the payment of compensation for actual services performed in the official capacity. Lee's suspension rendered her incapable of performing the services and duties of tax collector. Thus, the board was not authorized by law to pay Lee during the time that she was not performing the services of tax collector. The board could only pay compensation to the individual serving as tax collector, which during Lee's suspension was a temporary replacement. *In re John H. McWilliams, Esq.*, 2003 WL 22536086, at *1 (Miss. A.G. Oct. 24, 2003).

Lee makes much of the fact that the board's minutes do not reflect a decision to withhold her pay during suspension. The Mississippi Supreme Court has held "that boards of supervisors and other public boards speak only through their minutes and their actions are evidenced solely by entries on the minutes." *Thompson v. Jones County Cmty. Hosp.*, 352 So. 2d 795, 796 (Miss. 1977) (citations omitted). The board reflected its acceptance of Governor Barbour's executive order suspending Lee through its own order, though this action was not required by law for Lee's suspension to have effect. The order showed the motion to accept the suspension, and the vote

of the individual members.  This action acknowledged the suspension and the appointment of an

interim tax collector.  The minutes do not reflect any decision to no longer pay Lee as tax

collector.  However, the fact that Lee would not be paid, and that the temporary official would

instead receive the salary was implicit in the board's action accepting the suspension.  No further

decision needed to be made since Mississippi law provides that a tax collector be paid only when

performing the services of the position.  The authority to pay Lee during her suspension was not

conferred upon the board as it was impossible for her to meet the requirements to be entitled to

her salary.  It would seem illogical to require the board to make notations of statutory law and

issues that are not under the board's decision making authority.

The board argues that Lee was not entitled to back pay because she had not yet obtained

a bond or taken the oath of office for her upcoming term.  Whether Lee obtained a bond or took

an oath of office has no bearing on the fact that Lee was prohibited from serving as tax collector

pursuant to her suspension by Governor Barbour.  Therefore, the court will not address this

argument since it is clear that Mississippi statutory law did not provide Lee a right to receive

compensation even if she met the office requirements prior to her suspension.

The actions of the board and the decision of this court are supported by the Attorney

General's opinion addressing this specific issue as well as past similar issues.  The board,

through its attorney, submitted a written request to the Attorney General's office requesting an

opinion after Lee requested back pay during her suspension.  On June 5, 2009 the Attorney

General opined that "[t]here is no statutory authority to pay a county Tax Collector for the time

she was suspended by the Governor." *In re Frank G. Power, Esq.*, 2009 WL 2184223, at *1

(Miss. A.G. June 5, 2009).  Further, the Attorney General stated that "the suspended Tax

Collector is no longer acting Tax Collector and cannot perform any services or duties in that

capacity and, moreover, that no statutory authority exists to pay a Tax Collector where no

services or official duties are performed by the suspended Tax Collector." *Id.* at \*2; *see also*

*McWilliams,* 2003 WL 22536086, at \*1. The Attorney General concluded that the board has no

authority to pay a suspended tax collector. *Id.*

The court finds that the board's failure to pay Lee during her suspension was proper

under statutory law. Regardless, the board would be afforded protection against civil liability for

its reliance on the opinion of the Attorney General. A board is entitled to such immunity when it

contacts the Attorney General's office in writing, requests an opinion on the particular facts, and

follows the direction of the opinion in good faith. Miss. Code Ann. § 7-5-25 (1999); *see also*

*City of Durant v. Laws Constr. Co., Inc.*, 721 So. 2d 598, 604 (¶ 25) (Miss. 1998). Reliance on

the opinion is proper unless a court determines the opinion is manifestly wrong and without any

substantial support.[2]

Lee argues that the board did not rely on the opinion when making its decision since the

request and opinion were executed two years after her suspension. However, Lee never

requested reimbursement until after her acquittal in 2009, and it was not the board's decision

whether to pay her. The board sent its written request for an opinion after it was presented with

the issue of whether to pay Lee and relied on the opinion to refuse to reimburse her back pay.

The board followed the statutory requirements in order to be shielded from civil liability, but

nonetheless prevails as well on the merits.

Lee further alleges a procedural due process claim. Lee argues that the board's

---

[2]The court does not reach the conclusion that the opinion of the Attorney General in this matter was manifestly wrong or without substantial support, as discussed above.

deprivation of her salary without notice and without a pre or post suspension hearing, in violation of the due process clause of the Fourteenth Amendment.

Lee's federal constitutional claim depends on her having had a property right in continued employment. Property interests "are created and defined by existing rules or understandings that stem from an independent source such as state law . . . ." *Board of Regents v. Roth*, 408 U.S. 564, 577, 92 S. Ct. 2701, 2709, 33 L. Ed.2d 548 (1972).

Governor Barbour suspended Lee and temporarily filled her position. These actions were not discretionary. Section 7-1-61 of the Mississippi Code enforced the governor's constitutional power and duty to take such action as follows:

> The governor shall have the power, and it is his duty, to suspend alleged defaulting tax collectors pending the investigation of their respective accounts, whether made under the foregoing sections or otherwise, and to make temporary appointments of proper persons to fill the offices while such investigations are being made.

Lee's indictment severed any property interest she had in her salary as tax collector since her suspension from performing the duties of the position was automatic upon the filing of charges. Lee had no right to continued employment once formal charges were filed and had no property interest during the pendency of the charges' resolution. Accordingly, Lee was not entitled to a pre or post suspension hearing.

Lee's due process claim would fail even if she possessed a property interest in continued employment. Lee relies heavily on the state statutes governing removal. Lee is correct that the governor may remove an official and in doing so must follow certain procedures, including a hearing before a removal council to determine whether there is substantial basis for a removal. Miss. Code Ann. § 25-5-23 (2003). However, the governor did not initiate a process to permanently remove Lee from office, but merely suspended her. The suspension statute

contains no such procedural requirement. In fact, a literal reading of the statute reveals that Lee's suspension was automatic upon the filing of charges. Lee does not challenge the constitutionality of the statute. The board did pass a resolution requesting the governor to suspend Lee pending the outcome of her criminal charges and suggesting a suitable substitute. However, the recommendation was not automatic, but was the governor's ultimate decision, as outlined by his statutory powers. This fact is evidenced by the governor's objection of the board's selection for a temporary placement and his appointment of a different individual in Lee's position.

Further, Lee's criminal proceedings and trial essentially served as her hearing, as the process was an opportunity to be heard in order to defend her position as tax collector. In fact, Lee's removal was prevented through her successful defense of the charges. Based on the foregoing, Defendants' motion will be granted on this claim.

Defendants' motion **[35]** is **GRANTED**. Plaintiff's motion **[38]** is **DENIED**.

This the 28th day of June, 2011.

/s/ **MICHAEL P. MILLS**
**CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF MISSISSIPPI**