**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION**

**PATRICIA LEE**                                                                                     **PLAINTIFF**

**V.**                                              **CASE NO. 4:10-CV-00016**

**WASHINGTON COUNTY, a Mississippi Corporate
Body Politic and its BOARD OF SUPERVISORS**            **DEFENDANTS**

**ORDER**

This cause comes before the court on the motion **[54]** of Plaintiff Patricia Lee for reconsideration of the court's order granting summary judgment in favor of Defendants Washington County and its Board of Supervisors. The court, having considered the motion, finds that it is not well taken and should be denied.

Patricia Lee served as the Washington County, MS Tax Collector from 2003 until she was suspended without pay in December 2007. At the time, a Washington County grand jury indicted Lee for defrauding the State of Mississippi. Following the indictment, Governor Haley Barbour suspended Lee and appointed a substitute to serve as tax collector until the criminal charges were resolved. On March 4, 2009, Lee was acquitted of all charges. The next day, the president of the Washington Board of Supervisors sent a letter to the governor informing him of Lee's acquittal and requesting that he determine the next appropriate action. On March 11, 2009, the governor ordered that Lee be reinstated as Washington County Tax Collector upon her taking the oath and posting bond as required by state law.

Upon returning to office, Lee requested that the Board of Supervisors reimburse her for salary and benefits not paid during her suspension, plus legal fees she incurred while defending the criminal charges. When the Board refused, Lee filed a complaint in Washington County Chancery Court.

She alleged that Washington County and its Board of Supervisors breached her employment agreement and violated her right to due process under the Fourteenth Amendment to the United States Constitution. The case was removed to this court on February 26, 2010. Lee then filed an amended complaint, alleging violation of due process and illegal deprivation of salary. Both parties moved for summary judgment. On June 28, 2011, this court entered an order granting summary judgment in favor of the defendants. The court determined that the Board's decision not to pay Lee during her suspension was proper under statutory law; the Board is shielded from civil liability because it relied in good faith on the Attorney General's opinion that it could only pay the person who actually served as tax collector; Lee's indictment severed any property interest she had in her salary; and the criminal trial served as her hearing for purposes of due process. *See* Doc. No. 52.

Aggrieved by this decision, Lee filed the instant motion for reconsideration arguing that the court's summary judgment order constitutes a manifest error in law and should be reversed. She alleges that the defendants' failure to provide a pre-suspension or prompt post-suspension hearing violated due process. The plaintiff contends that she was deprived of her property interest in her job, salary, and benefits without an opportunity to be heard. Lee also claims that the criminal trial did not serve as her hearing because it was before a jury and not the entity who violated her due process rights. She contends that even if the trial was considered a post-suspension hearing, it was not prompt because she waited "almost three years before being heard by a criminal jury to clear her." Doc. No. 54 at 10. Lee further contends that the defendants could not have relied in good faith on the Attorney General's opinion because they voted to deny Lee's request for lost pay before the Attorney General opined on the request.

The defendants counter argue that they did not suspend Lee; the governor did. The defendants assert that due to the felony charges against Lee, no pre-suspension hearing was required.

2

They argue that the plaintiff was not entitled to a post-suspension hearing because she was immediately reinstated after her acquittal and did not have any substantial risk of deprivation. The defendants maintain that they relied on the Attorney General's opinion when they notified Lee a second time that they could not pay her and therefore they are shielded from civil liability unless the opinion is found to be manifestly wrong.

Contrary to the plaintiff's argument, she does not have a right to be paid salary for the time she was suspended. The United States Supreme Court dealt with a related issue in *Gilbert v. Homar.* In that case, an employee who had been suspended without pay claimed that he had a significant private interest in the uninterrupted receipt of his paycheck. *Gilbert v. Homar*, 520 U.S. 924, 932 (1997). The court stated that "the government does not have to give an employee charged with a felony a paid leave" at the taxpayers' expense. *Id*. If the employee's services are no longer useful once the charges have been filed, "the Constitution does not require the government to bear the added expense of hiring a replacement while still paying" the suspended employee. *Id*. Like the employee in *Homar*, Lee was charged with a felony and a substitute employee was appointed to serve as tax collector during her suspension. As stated in *Homar,* the Constitution does not require the defendants to give Lee paid leave at the taxpayers' expense when they were already paying a substitute employee.

The plaintiff is incorrect in stating that she was suspended for almost three years. The record reflects that she was suspended in December 2007 and reinstated in March 2009. Therefore, she was suspended for approximately one year and five months.

When a State must act quickly, or when it would be impractical to provide a pre-deprivation hearing, a post-deprivation hearing satisfies the Due Process Clause. *Gilbert v. Homar*, 520 U.S. 924, 930 (1997). The Fifth Circuit has stated that due process is satisfied when a suspended employee

3

receives "oral or written notice of the charges against him, an explanation of the employer's evidence, and an opportunity to present his side of the story." *Macklin v. City of New Orleans*, 293 F.3d 237, 241 (5th Cir. 2002) (quoting *Cleveland Bd. of Educ. v. Loudermill,* 470 U.S. 532, 546 (1985)).

Lee had a property interest in her continued employment as the Washington County tax collector. However, in light of the pending tax fraud investigation, the governor acted within the bounds of due process in suspending her without a prior hearing. At the criminal trial, Lee was notified of the charges against her, saw the evidence the defendants had against her, and was given an opportunity to present her side of the story. Thus, the trial satisfied her due process right to a hearing. Although Lee argues that the trial was not prompt, this argument fails because the trial took place while she was suspended. Promptness relates to the time in which the hearing takes place after suspension. Since the trial was held while the plaintiff was suspended, there can be no argument that she did not receive a prompt post-suspension hearing. Accordingly, the trial provided Lee with notice and an opportunity to be heard. Due process has been satisfied.

Based on the above analysis, the court sees no reason to retract its grant of summary judgment. The plaintiff's motion **[54]** for reconsideration is DENIED.

SO ORDERED, this the 2nd day of November 2011.

/s/ MICHAEL P. MILLS
**CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF MISSISSIPPI**